| Form 6. Civil Appeals Docketing Statement | USCA DOCKET # (IF KNOWN) |
|---|---|
| FILED MAR 2 0 2008 Office of the Clerk U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT Seattle (Aust) Office | 08-35217 |

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
## CIVIL APPEALS DOCKETING STATEMENT

PLEASE ATTACH ADDITIONAL PAGES IF NECESSARY.

| TITLE IN FULL: Kathie Costanich, Plaintiff/Appellant •vs. State of Washington, Department of Social and Health Services (DSHS), Sandra Duron and John Doe Duron, Carol Schmidt, and John Doe Schmidt, Beverly Payne, and John Doe Payne, James Bulzomi, and Jane Doe Bulzomi, Robert Stutz and Jane Doe Stutz, Ingrid McKinney, John Doe McKinney, Defendants/Appellees | DISTRICT: West. Wash    JUDGE: Hon. Marsha J. Pechman |
|---|---|
| | DISTRICT COURT NUMBER: C05-0090MJP |
| | DATE NOTICE OF APPEAL FILED:    IS THIS A CROSS-APPEAL?  ☐ YES |
| | IF THIS MATTER HAS BEEN BEFORE THIS COURT PREVIOUSLY, PLEASE PROVIDE THE DOCKET NUMBER AND CITATION (IF ANY): |

**BRIEF DESCRIPTION OF ACTION AND RESULT BELOW:**
Plaintiff claimed state torts & violation of civil rights under 42 US 1983 against defendants-social-workers who did not deny making & using false statements & fabricating evidence to find Plaintiff "emotionally abused" children, to take her foster care license, her children. DSHS removed. District Court denied Plaintiff summary judgment, granted defendants immunity and summary judgment, and dismissed state claims w/o prejudice.

**PRINCIPAL ISSUES PROPOSED TO BE RAISED ON APPEAL:**
Can Court dismiss state torts removed to federal court? Are social workers entitled to qualified & absolute immunity on summary judgment where they do not dispute evidence of false statements & fabrications to take Plaintiff's foster care license & children, undisputed protected interests? Was Plaintiff entitled to summary judgment on due process & civil rights claims, to collateral estoppel on undisputed state court findings? See addendum

**PLEASE IDENTIFY ANY OTHER LEGAL PROCEEDING THAT MAY HAVE A BEARING ON THIS CASE (INCLUDE PENDING DISTRICT COURT POST-JUDGMENT MOTIONS):**

Costanich v. Dep't of Soc. and Health Serv's, 138 Wash. App. 547, 156 P.3d 232, as amended on May 3, 2007 (2007).

**DOES THIS APPEAL INVOLVE ANY OF THE FOLLOWING:**
☐ Possibility of settlement
☐ Likelihood that intervening precedent will control outcome of appeal
☐ Likelihood of a motion to expedite or to stay the appeal, or other procedural matters (specify)

☐ Any other information relevant to the inclusion of this case in the Mediation Program

☐ Possibility parties would stipulate to binding award by Appellate Commissioner in lieu of submission to judges.

| LOWER COURT INFORMATION | | | Page 2 of 2 |
|---|---|---|---|
| JURISDICTION | | DISTRICT COURT DISPOSITION | |
| FEDERAL | APPELLATE | TYPE OF JUDGMENT / ORDER APPEALED | RELIEF |
| ☒ FEDERAL QUESTION<br>☐ DIVERSITY<br>☐ OTHER (SPECIFY) | ☐ FINAL DECISION OF DISTRICT COURT<br>☐ INTERLOCUTORY DECISION APPEALABLE AS OF RIGHT<br>☐ INTERLOCUTORY ORDER CERTIFIED BY DISTRICT JUDGE (SPECIFY):<br>☐ OTHER (SPECIFY): | ☐ DEFAULT JUDGMENT<br>☒ DISMISSAL / JURISDICTION<br>☒ DISMISSAL / MERITS<br>☒ SUMMARY JUDGMENT<br>☒ JUDGMENT / COURT DECISION<br>☐ JUDGMENT / JURY VERDICT<br>☐ DECLARATORY JUDGMENT<br>☐ JUDGMENT AS A MATTER OF LAW<br>☒ OTHER (SPECIFY): District Court, on Summary Judgment, where evidence of social workers false statements and fabricated evidence is not disputed, granted 3 defendants absolute immunity, granted all defendants qualified immunity; denied Plaintiff's civil rights claim despite undisputed interests in foster care license and children, and declined jurisdiction over state tort claims & dismissed them w/o prejudice. | ☐ DAMAGES:<br>SOUGHT $_____<br>AWARDED $_____<br>☐ INJUNCTIONS:<br>☐ PRELIMINARY<br>☐ PERMANENT<br>☐ GRANTED<br>☐ DENIED<br>☐ ATTORNEY FEES:<br>SOUGHT $_____<br>AWARDED $_____<br>☐ PENDING<br>☐ COSTS: $_____ |

## CERTIFICATION OF COUNSEL

I CERTIFY THAT:
1. COPIES OF ORDER / JUDGMENT APPEALED FROM ARE ATTACHED.
2. A CURRENT SERVICE LIST OR REPRESENTATION STATEMENT WITH TELEPHONE AND FAX NUMBERS IS ATTACHED ( SEE 9TH CIR. RULE 3-2
3. A COPY OF THIS CIVIL APPEALS DOCKETING STATEMENT WAS SERVED IN COMPLIANCE WITH FRAP 25.
4. I UNDERSTAND THAT FAILURE TO COMPLY WITH THESE FILING REQUIREMENTS MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL OF THIS APPEAL.

_Carol Farr_  
Signature

_March 17, 2008_  
Date

## COUNSEL WHO COMPLETED THIS FORM

NAME: Carol Farr

FIRM: Law Offices of Leonard W. Moen

ADDRESS: 947 Powell Ave. S.W., Suite # 105  
Renton, WA 98057

E-MAIL: lizardlawfirm@leonardmoen.com; carol@leonardmoen.com

TELEPHONE: (425) 227-4260

FAX: (425) 227-5140

* THIS DOCUMENT SHOULD BE FILED IN THE DISTRICT COURT WITH THE NOTICE OF APPEAL*
* IF FILED LATE, IT SHOULD BE FILED DIRECTLY WITH THE U.S. COURT OF APPEALS*

## LOWER COURT INFORMATION

Page 2 of 2

| JURISDICTION | | DISTRICT COURT DISPOSITION | |
|---|---|---|---|
| FEDERAL | APPELLATE | TYPE OF JUDGMENT / ORDER APPEALED | RELIEF |
| ☒ FEDERAL QUESTION<br>☐ DIVERSITY<br>☐ OTHER (SPECIFY) | ☐ FINAL DECISION OF DISTRICT COURT<br>☐ INTERLOCUTORY DECISION APPEALABLE AS OF RIGHT<br>☐ INTERLOCUTORY ORDER CERTIFIED BY DISTRICT JUDGE (SPECIFY):<br>☐ OTHER (SPECIFY): | ☐ DEFAULT JUDGMENT<br>☒ DISMISSAL / JURISDICTION<br>☒ DISMISSAL / MERITS<br>☒ SUMMARY JUDGMENT<br>☒ JUDGMENT / COURT DECISION<br>☐ JUDGMENT / JURY VERDICT<br>☐ DECLARATORY JUDGMENT<br>☐ JUDGMENT AS A MATTER OF LAW<br>☒ OTHER (SPECIFY):<br>District Court, on Summary Judgment, where evidence of social workers false statements and fabricated evidence is not disputed, granted 3 defendants absolute immunity, granted all defendants qualified immunity; denied Plaintiff's civil rights claim despite undisputed interests in foster care license and children, and declined jurisdiction over state tort claims & dismissed them w/o prejudice. | ☐ DAMAGES:<br>  SOUGHT $_____<br>  AWARDED $_____<br>☐ INJUNCTIONS:<br>  ☐ PRELIMINARY<br>  ☐ PERMANENT<br>  ☐ GRANTED<br>  ☐ DENIED<br>☐ ATTORNEY FEES:<br>  SOUGHT $_____<br>  AWARDED $_____<br>  ☐ PENDING<br>☐ COSTS: $_____ |

### CERTIFICATION OF COUNSEL

**I CERTIFY THAT:**

1. COPIES OF ORDER / JUDGMENT APPEALED FROM ARE ATTACHED.
2. A CURRENT SERVICE LIST OR REPRESENTATION STATEMENT WITH TELEPHONE AND FAX NUMBERS IS ATTACHED (SEE 9TH CIR. RULE 3-2)
3. A COPY OF THIS CIVIL APPEALS DOCKETING STATEMENT WAS SERVED IN COMPLIANCE WITH FRAP 25.
4. I UNDERSTAND THAT FAILURE TO COMPLY WITH THESE FILING REQUIREMENTS MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL OF THIS APPEAL.

_____                    _____
Signature                                                                              Date

### COUNSEL WHO COMPLETED THIS FORM

NAME: Carol Farr

FIRM: Law Offices of Leonard W. Moen

ADDRESS: 947 Powell Ave. S.W., Suite # 105
Renton, WA 98057

E-MAIL: lizardlawfirm@leonardmoen.com; carol@leonardmoen.com

TELEPHONE: (425) 227-4260

FAX: (425) 227-5140

* THIS DOCUMENT SHOULD BE FILED IN THE DISTRICT COURT WITH THE NOTICE OF APPEAL *
* IF FILED LATE, IT SHOULD BE FILED DIRECTLY WITH THE U.S. COURT OF APPEALS *

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
CIVIL APPEALS DOCKETING STATEMENT

These are the "PRINCIPLE ISSUES PROPOSED TO BE RAISED ON APPEAL:"

ISSUES: Whether the District Court erred by:

(1) denying summary judgment to Plaintiff, failing to find violation of Plaintiff's civil rights as a matter of law when her showing of false statements & fabricated evidence, and her claim to protected property & liberty interests in her foster care license and her children are undisputed.

(2) failing to find violation of Plaintiff's due process as a matter of law where the Defendant-social-worker-investigator admitted she made false statements about her investigation and witness statements in her sworn declaration.

(3) granting summary judgment to Defendants by adopting a view of the evidence in a light most favorable to Defendants, and in resolving disputed issues of material fact in favor of defendants. Plaintiff's claim is that Defendants deliberately and maliciously made, and knowingly adopted, false statements and fabricated evidence to take her foster care license and her children. Defendants did not dispute that the Defendant-social-worker-investigator made false statements under oath, fabricated evidence about who was interviewed, and fabricated witness statements. The Defendants' agency charges against Plaintiff were heard and rejected by three Washington state courts, by five Washington judges. Costanich v. Dep't of Soc. and Health Serv's, 138 Wash. App. 547, 156 P.3d 232 (2007, amended on 5/3/07). The ALJ, who conducted the evidentiary hearing, held that the investigator was not credible; the Defendants' own review board found the investigator made up witness statements; the Washington state appeals judges confirmed that the evidence reflects the investigator made false statements under oath, made up and misquoted witnesses, put words in children's mouth, and was not credible. Id., 557, 558. Defendants did not dispute these facts, nor appeal the Washington state case, but only claimed immunity. The District Court's summary judgment decision that Defendants' false statements and fabrications were merely "careless and inaccurate," not malicious or deliberately false or reckless, wrongly took this disputed issue of material fact from the jury.

(5) granting absolute immunity to Defendants for their revocation of Plaintiff's license despite undisputed evidence of false statements and fabrications, for investigatory and for non-discretionary acts. (See Beltran v. Santa County, 2008 Lexis 1331, 9th Cir. Jan. 24, 2008)

(6) granting qualified imunity to all Defendant-social-workers when they made no claim that they acted in good faith and when the nature of the false statements and fabrication is a disputed issue of fact for a jury.

(7) denying collateral estoppel to undisputed findings of state courts on related issues fully litigated between these parties. (Costanich v. Dep't of Soc. and Health Serv's, 138 Wash.App. 547, 156 P.3d 232, amended on 5/3/07)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHIE COSTANICH, <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al., <br><br> Defendants. | No. C05-0090MJP <br><br> ORDER DENYING FIRST MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's first motion for reconsideration. (Dkt. No. 134.)[1] Plaintiff asks the Court to reconsider its February 19, 2008, order granting in part Defendants' motion for summary judgment and denying Plaintiff's motion for summary judgment. (See Dkt. No. 130.) Having considered Plaintiff's motion and the record herein, the Court DENIES the motion for reconsideration.

Under Local Civil Rule 7(h), the Court will deny motions for reconsideration unless there is a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Although Plaintiff challenges the Court's order on multiple grounds, Plaintiff fails to show — for any of those grounds — that the Court manifestly erred in its prior ruling.

---

[1] Plaintiff filed a second Motion for Reconsideration (Dkt. No. 135) three days after the motion which is the subject of this order.

ORDER DENYING FIRST MOTION FOR RECONSIDERATION - 1

      First, Plaintiff argues that the Court erred in denying Plaintiff's request that the Court apply collateral estoppel to the findings or decisions of the state agency and state courts. Plaintiff cites <u>Seattle-First Nat'l Bank v. Kawachi</u>, 91 Wn.2d 223, 225-26 (1978), for the proposition that collateral estoppel prevents relitigation of issues between the parties, even though a different claim or cause of action is asserted. (<u>See</u> Mot. at 3.) The Court applied that same legal rule in its analysis and held that collateral estoppel was inappropriate "because <u>the issues</u> considered by the agency and the state courts are not identical to the issues presented here." (Feb. 19, 2008 Order at 11.) Reconsideration on this issue is DENIED.

      Second, Plaintiff suggests that Defendants never disputed Plaintiff's version of the facts underlying her claims and that under Fed. R. Civ. P. 8(b)(6), the Court should have accepted Ms. Costanich's version of the facts. Plaintiff also suggests that the Court made "findings" in its summary judgment order and accepted Defendants' version of the facts. On summary judgment, the Court may not make findings, must accept the non-moving party's evidence, and must draw all reasonable inferences in favor of the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). The Court did not deviate from this well-known standard in its analysis. The Court acknowledges, however, that one paragraph in the Court's order could be read in a way that suggests the Court accepted the social worker's version of events. On page 2 of the Court's order, the Court recounted the children's statements as reported by the social worker, Sandra Duron, in her investigation reports. The Court will amend the summary judgment order to make even more clear that the Court was not making "findings" about what the children stated, but instead was recounting what Ms. Duron reported. To that end, the February 19, 2008 Order, page 2, lines 17-22, shall be amended to read as follows:

> Plaintiff's allegations in this case focus on Sandra Duron's investigation of the allegations of child abuse. Ms. Duron interviewed each of the foster children in Plaintiff's home. Ms. Duron reported that all but one of the children stated that Ms. Costanich used profanity regularly. (<u>Id.</u> ¶¶ 3-4 & Exs. B & D.) She reported that some of the children alleged that Ms. Costanich directed the profanity at the children (<u>see id.</u>) and that Ms. Costanich used physical violence towards some of the children and put urine-soaked sheets in P.'s face. (<u>Id.</u>, Ex. D.)

ORDER DENYING FIRST MOTION FOR RECONSIDERATION - 2

1    Plaintiff also suggests that the Court must accept her perspective on the facts — that Ms. Duron
2    "lied, maliciously, knowingly, recklessly, [that] the others knew that Duron was untruthful, and [that]
3    the evidence is undisputed that Duron lied." (Mot. at 5.) The Court does not have to accept Ms.
4    Costanich's interpretation of the underlying facts; the Court need only look at the evidence presented
5    and interpret that evidence in the light most favorable to Ms. Costanich. The Court has resolved all
6    inferences in favor of Ms. Costanich, but will not stretch the facts presented beyond reasonable
7    interpretation.

8    Third, Plaintiff argues that the Court erred in its absolute immunity analysis. Relying on Butz
9    v. Economou, 438 U.S. 478 (1978), and the reasoning in Hannum v. Friedt, 88 Wn. App. 881 (1997),
10   and Gensburg v. Miller, 31 Cal. App. 4th 512 (1995), the Court determined that Defendants Duron,
11   McKinney, and Bulzomi deserve absolute immunity for the revocation of Ms. Costanich's foster care
12   license. Plaintiff relies on Beltran v. Santa Clara County, 2008 U.S. App. LEXIS 1331 (9th Cir.
13   January 24, 2008) in arguing that the Court erred in its analysis. But Beltran did not involve the
14   revocation of a license and therefore is distinguishable. The motion to reconsider this issue is
15   DENIED.

16   Fourth, Plaintiff argues that the Court erred when it granted Defendants qualified immunity
17   from her 42 U.S.C. § 1983 claims. Plaintiff relies on Wall v. County of Orange, 364 F.3d 1107 (9th
18   Cir. 2004) for the proposition that the Court may not accept a defendant's version of the facts in
19   determining whether, on summary judgment, the defendant deserves qualified immunity. The Court's
20   order did not run afoul of this well-established rule. The Court looked at the facts presented by
21   Plaintiff and concluded that, even taken in the light most favorable to Plaintiff, they did not show that
22   Defendants "continued their investigation of [Plaintiff] despite the fact that they knew or should have
23   known that [she] was innocent." (Order at 18.) That was the showing that Plaintiff needed to make
24   to defeat qualified immunity, see Devereax v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001), and she
25   did not do so. Nor does Plaintiff even dispute that she never identified a clearly established
26   constitutional right that Defendants violated and that such identification is required to defeat a grant

ORDER DENYING FIRST MOTION FOR RECONSIDERATION - 3

1 | of summary judgment on qualified immunity. See Shohone-Bannock Tribes v. Fish & Game Comm'n,
2 | 42 F.3d 1278, 1285 (9th Cir. 1994). The motion to reconsider the Court's qualified immunity
3 | analysis is DENIED.
4 |     Finally, Plaintiff argues that it was "manifest error to deny Costanich's due process claim."
5 | (Mot. at 6.) But because Defendants were entitled to immunity, Plaintiff could not proceed with her
6 | falsification-of-evidence claim. And to the extent that Plaintiff is also alleging a procedural due
7 | process claim (which remains unclear), Plaintiff prevailed by using the state's procedure to challenge
8 | the agency's decisions, and therefore summary judgment on the procedural due process claim was
9 | warranted.

### Conclusion

The Court did not manifestly err in denying Ms. Costanich's motion for summary judgment and granting in part Defendants' motion. The motion for reconsideration is DENIED.

The clerk is directed to send copies of this order to all counsel of record and to amend the Court's February 19, 2008 Order as directed on page 2 of this order.

Dated: March 7, 2008.

*/s/ Marsha J. Pechman*
Marsha J. Pechman
United States District Judge

ORDER DENYING FIRST MOTION FOR RECONSIDERATION - 4