FILED

UNITED STATES COURT OF APPEALS

MAR 21 2008

FOR THE NINTH CIRCUIT

MOLLY DWYER, ACTING CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHIE COSTANICH,<br><br>    Plaintiff - Appellant,<br><br>  v.<br><br>DEPARTMENT OF SOCIAL AND HEALTH SERVICES FOR THE STATE OF WASHINGTON, et al.,<br><br>    Defendants-Appellees. | No. 08-35217<br><br>ORDER SETTING ASSESSMENT CONFERENCE<br><br>DATE: **April 16, 2008**<br><br>TIME: 2:30 p.m. Pacific Time<br><br>BY **telephone** |

    This case is under consideration for inclusion in the mediation program. Unless otherwise ordered by the court, a settlement assessment conference will be held by telephone on April 16, 2008 at 2:30 p.m. Pacific Time. The court will initiate the telephone call and contact each participant at the telephone number listed below under "CONFERENCE PARTICIPANTS." **The existing briefing schedule remains in effect.**

    Please advise Lynn Warton at the Ninth Circuit Mediation Office, Northwest Branch, if the appeal is resolved before the conference or of any changes or corrections in participants or telephone numbers. Contact information and the procedures governing the mediation program are set out in the attached memorandum. Counsel should read the memorandum and provide a copy to their

clients. The parties and counsel are bound by the confidentiality provisions set forth in Section E of the memorandum.

## CONFERENCE PARTICIPANTS

| | |
|---|---|
| Carol Farr, Esq. | Allison Stanhope, Esq. |
| 425/227-4260 | (No telephone number listed) |
| Wendy Lux, Esq. | |
| 360/586-6300 | |

FOR THE COURT:

By: Lynn Warton
Deputy Clerk

3/21/08/lw/mediation

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
Circuit Mediation Office,  Northwest Branch
1200 Sixth Avenue, Seattle, Washington 98101-3123

*Circuit Mediator:*  Chris_Goelz@ca9.uscourts.gov
*Mediation Office:*  Lynn_Warton@ca9.uscourts.gov

Telephone:  (206) 553-6117     Fax:  (206) 553-4767

## Procedures Governing the Circuit Mediation Program

A.    Purpose of the Program

The Circuit Mediation Program was established pursuant to FRAP 33 and Circuit Rule 33-1. The goal of the program is to facilitate the voluntary resolution of appeals. In most cases, voluntary resolution is a result of settlement between the parties. In other cases, the focus of discussions is on managing the appeal process or other related litigation in a manner that saves the court from deciding issues unnecessarily. Each year hundreds of appeals are resolved through the mediation program.

B.    Circuit Mediators

The ten Circuit Mediators are full-time employees of the Ninth Circuit. They are experienced litigation attorneys who also have extensive training and experience in negotiation, mediation and Ninth Circuit practice and procedure.

C.    The Assessment Conference

In most civil appeals in which all parties are represented by counsel, the court schedules a settlement assessment conference to explore the parties' perspectives on settlement as well as any other issues that might help resolve the appeal. At the conference the mediator will explore the factual and procedural background of the case, the issues on appeal, the possible outcomes of an appeal, and the parties' views on settlement. Frequently, the discussions will include issues that are not part of the appeal. The typical assessment conference lasts 30 to 45 minutes.

The outcome of the assessment conference is usually a decision whether or not the parties are going to pursue settlement and, if so, how they will go about it. Parties that choose to pursue settlement may do so directly, through counsel, through the mediator, at a subsequently scheduled settlement conference or otherwise. Upon request, the mediator may refer counsel to work with a judge, magistrate, arbitrator or other mediator. The parties may also agree to stay the appeal to allow for the development of events that might facilitate its resolution.

Counsel for all parties intending to file briefs in the case are expected to participate in the conference. If more than one attorney represents a party, the attorney with the most direct relationship with the client for settlement purposes should attend. Other attorneys may attend if their presence would be beneficial. Clients generally do not attend the conference.

D.   Preparation for the Conference

Prior to the conference, each lead counsel is requested to discuss with his or her client the client's goals in resolving the litigation in light of the district court decision. Because a resolution by settlement may address issues outside the scope of the litigation, counsel should explore approaches to settlement that address the client's sense of fairness, common sense and dignity. Also, counsel should try to ascertain whether there is any new or missing information that might be relevant to settlement. Counsel need not have specific settlement authority in advance of the assessment conference.

The mediator will review the Civil Appeals Docketing Statement and any attachments and responses before the conference. Counsel may, but need not, provide the mediator with additional written materials in advance of the conference. Useful materials include copies of district court opinions, orders, "findings and conclusions," and magistrate judge recommendations relevant to the issues on appeal that were not attached to the docketing statement. By service of a transmittal letter, each party shall advise the others of the materials supplied to the mediator. Counsel may also prepare a premediation letter or may transmit an informal note about the case by e-mail. (These submissions may be confidential.)

All correspondence about the case must include the Ninth Circuit docket number.

E.   Confidentiality of the Process

In order to encourage efficient and frank settlement discussions, the court exercises great care to ensure strict confidentiality of the settlement process. Circuit Rule 33-1 provides that settlement-related information disclosed to a court mediator will be kept confidential and will not be disclosed to the judges deciding the appeal or to any other person outside the Circuit Mediation Program participants. Documents and correspondence related to settlement are maintained only in the Circuit Mediation Office and are never made part of the main Ninth Circuit case file. Should the mediator confer separately with the participants, those discussions shall also be maintained in confidence from the other participants in the settlement discussions to the extent that the communicating parties request.

In addition, participants in the Circuit Mediation Program are expected to respect the confidentiality of the settlement processes and to adhere to the following:

(1)   Unless they indicate otherwise to the mediator at the initiation of any settlement discussions, all parties, attorneys and other participants in the settlement discussions are assumed to agree that any written or oral communication made by the mediator, or any party, attorney, or other participant in the settlement discussions:
   (a) may not be used for any purpose in any pending or future proceeding in this or any other court or administrative forum; and
   (b) may not be disclosed to anyone who is not a participant in the mediation or an authorized agent of a participant.

(2)   The nondisclosure provisions of paragraph (1) do not apply if such disclosure:
   (a) is agreed upon by the mediator and all participants in the mediation; or
   (b) is made in the context of a subsequent confidential mediation or settlement conference with the agreement of all participants and the third-party neutral.

F.   Effect of Conference on Appellate Process

Unless the order scheduling the assessment conference explicitly vacates the briefing schedule, the previously established schedule for the appeal remains in effect. A party who wishes to delay briefing to explore settlement may raise the issue with the mediator. Also, upon agreement of the parties, the mediator may be willing to adjust the schedule for the ordering and production of transcripts.

In cases that are selected for the mediation program, the mediator assumes responsibility for the scheduling of the appeal. The mediator will work with the parties to establish a schedule agreeable to everyone. If settlement efforts are unsuccessful, the mediator will issue an order releasing the appeal from the mediation program. From that point on, counsel should direct all inquiries and filings to the Clerk's office.

In most cases, delays in briefing to explore settlement will not delay a decision in the appeal. Generally, appeals are scheduled for argument and disposition based on the date the notice of appeal is filed, not the date that briefing is completed. The time for the entire appellate process, including briefing, argument and disposition, is typically 18 months to 2 years.

G.      Requests to Reschedule

Counsel who has a directly conflicting court date or a planned vacation may notify Lynn Warton of the need to reschedule the assessment conference, along with three alternative dates that are acceptable to the other attorneys in the case.

H.      Alternatives to the Assessment Conference

As an alternative to the scheduled assessment conference, the parties may suggest a different procedure to pursue settlement of the case on appeal. Possible alternatives include a half-day or full-day settlement conference, use of a private mediator or settlement judge, use of a Web-based mediation service (e.g., www.cybersettle.com), or independent discussions. Counsel may contact the mediator to discuss possible alternatives.