

Rob McKenna
# ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Dr SW • PO Box 40126 • Olympia WA 98504-0126

April 29, 2009

Office of the Clerk
United States Court of Appeals for the Ninth Circuit
95 Seventh Street
PO Box 193939
San Francisco, CA  94119-9939

Re:  FRAP 28(j) Submission:
     Kathie Costanich v. DSHS et al., # 08-35217, 08-35287

Dear Sir or Madam:

This letter is submitted in response to Appellant's April 14, 2009, letter.

In *McSherry v. City of Long Beach,* 06-55837, 2009 WL 805804 (9th Cir. March 30, 2009) the criminal defendant was convicted, incarcerated, but exonerated based on DNA evidence. The victim subsequently testified she did not make the statements contained in the investigating detective's report. McSherry claimed the investigator's deliberate fabrication of evidence violated his constitutional rights.

The *McSherry* investigator submitted a report stating the six year old victim had provided a detailed description of the house where she was taken after her abduction. The victim failed to provide a description of the location during the first interview. She first provided a description of the house and room in an interview conducted after the suspect disclosed details about his grandparents' residence to law enforcement. She provided more details during a third interview, conducted after the detective visited the home to execute a search warrant. The details could not have been known to her since she had never been in the house.

*McSherry* is inapplicable here. This Court has not applied the deliberate fabrication analysis to an administrative proceeding. While not specifically addressed in *McSherry*, deliberate fabrication claims require a showing that: 1) defendant knew or should have known the subject was innocent but nonetheless proceeded with the investigation or 2) used such coercive or abusive tactics that he should have known he would procure false evidence. *Gausvik v. Perez,* 345 F. 3d 813 (2003); *Cunningham v. City of Wenatchee,* 345 F. 3d 802 (2003); *Devereaux v. Abbey,* 263 F. 3d 1070 (2001).

ATTORNEY GENERAL OF WASHINGTON

April 29, 2009
Letter to Court of Appeals for the Ninth Circuit
Pg. 2

In contrast to *McSherry*, some witnesses Duron interviewed generally claimed she pressed them hard during the interviews and would not accept their initial statements. Unlike the *McSherry* victim they did not wholly disavow their statements or claim that material aspects of Duron's report were untrue. Nor did Duron report statements about circumstances wholly outside their knowledge.

Costanich has not claimed that specific interview techniques used by Duron were coercive and abusive. Reply Brief at 27. Significantly, *McSherry* upheld absolute immunity for trial testimony.

Sincerely,

*[signature]*

PAMELA H. ANDERSON
Assistant Attorney General
Attorney for Defendants
(360) 586-6300

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2009, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature    /s/Pamela H. Anderson