NO. 08-35217
NO. 08-35287

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| KATHIE COSTANICH,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>STATE OF WASHINGTON,<br>DEPARTMENT OF SOCIAL AND<br>HEALTH SERVICES (DSHS), et al.,<br><br>    Defendants - Appellees. | APPELLEES' MOTION TO<br>STRIKE IMPROPER BRIEFING<br>AND RESPONSE TO<br>APPELLANT'S MOTION TO<br>REINSTATE APPEAL |

Appellees Washington State Department of Social and Health Services and individually named state employees (collectively "Appellees") do not oppose reinstatement of this appeal. Appellees ask this Court to strike the materials submitted by Costanich, considering only the materials previously submitted by the parties.

## I.    GROUNDS FOR RELIEF

On November 25, 2009, this Court vacated submission and deferred decision on this appeal pending the Supreme Court's decision in *McGhee v. Pottawattamie County*, 547 F.3d 922 (8th Cir., 2008), *cert. granted*, __ U.S. __, 129 S. Ct. 2002, 173 L. Ed. 2d 1083 (2009). The parties to the

1

Supreme Court case voluntarily dismissed their petition on January 4, 2010, after the parties resolved the matter. *Pottawattamie County v. McGhee*, __ S. Ct. __, 2010 WL 6917 (U.S.).

Given the dismissal of the *Pottawattamie* petition for review, a motion to reinstate this appeal is unnecessary. This Court's submission of the case for decision was merely deferred and it has the inherent power to resubmit the case now that the Supreme Court case has been dismissed. However, Appellees do not object to Costanich's motion insofar as it seeks to reinstate the appeal.

Appellees object to Costanich's improper submission of additional briefing which reargues the merits of her case and makes a renewed request for reversal of the district court's decision.

The *Pottawattamie* case was decided by the Eighth Circuit on November 21, 2008, and accepted for review by the Supreme Court on April 20, 2009. The *Pottawattamie* case concerned absolute prosecutorial immunity of a criminal prosecutor who procured perjured testimony. The Eighth Circuit held that the act of procuring evidence was not a distinctly prosecutorial function entitling the prosecuting attorney to absolute immunity from civil rights claims. The Eighth Circuit's decision is neither binding authority for this Court nor persuasive precedent for this case, which concerns

2

qualified immunity for an investigating social worker and qualified and absolute immunity for the social worker and other state employees who *initiated* an administrative proceeding to terminate a guardianship and revoke a foster care license and *testified* at trial.[1]  Neither party cited *Pottawattamie* to this Court, in their briefs, at oral argument, or by citation to supplemental authority, as allowed under Fed. R. App. P. 28(j).  The Supreme Court's decision to accept review of the Eighth Circuit decision and its subsequent dismissal of the case does not constitute precedent upon which this Court can rely.[2]  *See Agoston v. Com. of Pa.*, 340 U.S. 844, 71 S. Ct. 9, 95 L. Ed. (1950) (denial of certiorari is not an expression of ruling on the merits); *Roman v. Ashcroft*, 162 F. Supp. 2d 755, 759 (N.D. Ohio, 2001) (when the Supreme Court grants certiorari it is bringing a case before it, not deciding it on the merits).

In addition, Costanich's motion goes far beyond the scope of reinstating the pending appeal.  She argues extensively about the facts of this case, alleges

---

[1] The district court denied absolute immunity to social worker Sandy Duron for her role in investigating the allegations against Costanich.  The State Defendants did not appeal that portion of the decision.  Appellees' Brief at 4.

[2] If Costanich believed the *Pottawattamie* case constitutes additional, supplemental precedent on the issue of absolute immunity of a social worker in the context of a civil regulatory action she should have proceeded under Fed. R. App. P. 28(j), adhering to the form required by this Court.

multiple errors by the district court on issues unrelated to absolute immunity,

and asks this Court to resolve the entire case, including the qualified immunity

claims in her favor.  She has improperly sought to use a routine procedural

motion to present new argument on the merits of her case.  This Court should

reject her motion, strike the improper additional briefing, and simply resubmit

the case for decision based on the record previously developed by the parties.[3]

RESPECTFULLY SUBMITTED this 15th day of January, 2010.

ROBERT M. MCKENNA
Attorney General


/s/ Pamela H. Anderson
PAMELA H. ANDERSON
WSBA #21835
Assistant Attorney General
PO Box 40126
Olympia, WA  98504-0126
(360) 586-6300

---

[3] In the alternative, if this Court believes additional briefing is appropriate, Appellees request this Court to set a briefing schedule with directions to the parties as to the issues which should be briefed.

4

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2010, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature     /s/ Pamela H. Anderson